PIERCE, Justice,
specially concurring:[6]
¶ 35. I write separately to explain why I agree with Chief Justice Waller’s majority opinion and Justice King’s special concurrence. My concurrence with both opinions is not in conflict, as the majority opinion does not answer whether child support may be ordered in certain circumstances where the child is disabled and *225 said disability will extend beyond the age of twenty-one.
¶ 36. First, I agree with the majority’s determination that Ravenstein’s appeal was untimely; therefore, he is precluded from receiving any relief on appeal from the judgment requiring him to pay lifetime child support.
¶ 37. Second, I agree with Justice King’s special concurrence finding that the chancellor, under the facts of this case, had the authority to order lifetime child support. As the special concurrence points out, Mississippi Code Section 93-11-65(8) clearly states that the court is granted the discretion to determine whether emancipation has occurred at the age of twenty-one if it has been determined by the court, prior to emancipation, that the child is incapable of becoming emancipated. See Miss.Code Ann. § 93-11-65(8) (Rev.2013).
¶ 38. Lastly, I call attention to my concurrence with this Court’s prior opinion in Hays v. Alexander and note that the specially concurring opinion does not conflict with this Court’s prior caselaw. Hays v. Alexander, 114 So.3d 704, 708 (¶ 14) (Miss.2013). In Hays, the mother sought either an extension of alimony payments or the reinstatement of child support for their son. Hays, 114 So.3d at 705. At the time, their son was nearly twenty-three years old and had become emancipated at the age of twenty-one. Id. The factual situation in Hays is incomparable to the factual situation at hand. This Court, in Hays, stated that the courts do not possess the power to require parents to support their adult children. Hays, 114 So.3d at 708 (¶ 14). However, we recognized that a chancellor’s determination of emancipation is permissive. Id.
¶ 39. Therefore, for the above stated reasons, I concur with the majority opinion and the special concurring opinion, agreeing that Ravenstein’s appeal is untimely, and further, that the trial court had the authority to order lifetime child support for a disabled child who would not be capable of self-support by the age of twenty-one.
DICKINSON, P.J., KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. Because all of the Justices who joined Justice King’s special concurrence did not vote to join Chief Justice Waller’s majority, I felt compelled to explain my position.